IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 1 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, S.W., Suite 800 | ) | |
| Washington, DC  20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES AIR FORCE, | ) | Case: 1:11-cv-01496 |
| 1000 Air Force Pentagon | ) | Assigned To : Roberts, Richard W. |
| Washington, DC 20330-1000, | ) | Assign. Date : 8/19/2011 |
| | ) | Description: FOIA/Privacy Act |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Air Force

("Air Force") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552

("FOIA").   As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff is a non-profit, educational foundation organized under the laws of the

District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite

800, Washington, DC 20024.   Plaintiff seeks to promote integrity, transparency, and

accountability in government and fidelity to the rule of law.   In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local

government agencies, entities, and offices, and disseminates its findings to the public.

4.      Defendant is an agency of the United States Government and is headquartered at

1000 Air Force Pentagon, Washington, DC 20030-1000.   Defendant has possession, custody, and

control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On June 28, 2011, Plaintiff submitted a FOIA request, by certified mail, to

Defendant seeking access to the following:

> a)  Any and all records concerning mission taskings of First Lady
>     Michelle Obama's June 21-27, 2011 trip to South Africa and
>     Botswana;[1]
>
> b)  Any and all records concerning transportation costs for Mrs.
>     Obama's June 21-27, 2011 trip to South Africa and Botswana;
>
> c)  Any and all passenger manifests (DD-2131) for Mrs. Obama's
>     June 21-27, 2011 trip to South Africa and Botswana.

6.      According to U.S. Postal Service records, Plaintiff's FOIA request was received by

Defendant on July 6, 2011.

7.      By email dated July 21, 2011, Defendant acknowledged receipt of Plaintiff's June

28, 2011 FOIA request and assigned it tracking number 2011-05547-F.

8.       Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant's response to Plaintiff's June

28, 2011 FOIA request was due within twenty working days of July 6, 2011, or by August 3, 2011.

9.      As of the date of this Complaint, Defendant has failed to produce any records

responsive to Plaintiff's June 28, 2011 FOIA request or demonstrate that responsive records are

exempt from production.   Nor has it indicated whether or when any responsive records will be

---

1  "The First Lady's Trip to Africa," http://www.whitehouse.gov/youngafrica

produced.   In fact, Defendant has failed to respond to Plaintiff's June 28, 2011 FOIA request in any substantive manner.

10.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its June 28, 2011 FOIA request.   5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's June 28, 2011 FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's June 28, 2011 FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's June 28, 2011 FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's June 28, 2011 FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 19, 2011

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716

Julie Axelrod
D.C.   Bar No. 10011557
425 Third Street, S.W., Suite 800
Washington, DC   20024
(202) 646-5172

*Attorneys for Plaintiff*